UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ADAM BRENT WALLACE | : | DOCKET NO. 15-cv-2144 |
| B.O.P. # 16069-043 | | |
| VERSUS | : | JUDGE MINALDI |
| UNITED STATES ET AL. | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Adam Brent Wallace ("Wallace") filed the instant civil rights complaint *in forma pauperis* pursuant to the Federal Tort Claims Act ("FTCA"). Wallace is an inmate in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO"). He names the United States, Registered Nurse Carl Phillips ("Phillips"), and Assistant Health Services Administrator Mrs. Almadigger as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

Wallace states that he filed a grievance on January 30, 2014, alleging that the BOP failed to maintain accurate medical records. Although not stated very clearly it seems the thrust of the complaint is that the records lack reference to of a physical examination petitioner claims to have occurred on March 22, 2012. Doc. 1, p. 2. Plaintiff claims that, as a result of the filing of this grievance, he was examined the day after filing in Health Services by Phillips. *Id*. Plaintiff states that, at inception of the examination, defendant Phillips "began a hostile medical history" and thereafter examined plaintiff's testicle. *Id.* Thereafter, according to plaintiff, Phillips "forcefully placed his right hand on Plaintiff's right shoulder

- 1 -

blade forcing plaintiff and bend over" and, "while the Plaintiff was bending over, the Plaintiff saw . . . Phillips . . . had a smirk on his face and jammed his finger into the Plaintiff's rectum without any lubrication, which caused extreme and unnessary [sic] pain." *Id.*, pp. 2-3.

Plaintiff also alleges that he saw defendant Almadigger, an Assistant Health Services Administrator, on February 18, 2015, who reviewed his SF95 Claim for Damage, Injury, or Death form dated January 23, 2015. Plaintiff complains that defendant Almadigger would "write up the offer of [his] tort claim" but that "the BOP did not make any findings for a period of exceeding six months. *Id.* at pp. 3-4.

In "Count 1" of his complaint plaintiff seeks monetary damages for battery in "administering a rectal exam with unnessary [sic] force." In "Count 2" he seeks damages for Almadigger's misrepresentation when she allegedly said she would "write up the offer for the tort claim" when, at the end of the day, plaintiff never received a settlement voucher. *Id.* at p. 4.

The BOP record of plaintiff's January 31, 2014, visit differs from what plaintiff states occurred on that date. The report states that plaintiff complained about cancer "because I can't remember if my left testicle is gone or if it is in my stomach." Doc. 1, Att. 1, p. 10. The report goes on to note as follows:

> During history and physical inmate was questioned as to whether or not he knew if he was born without a left testicle or if it had been removed. Inmate stated that he could not remember. Then he stated htat he knew he did not have a left testicle. . . . . Shortly later into the history he then stated that he could not remember if he was told that he did not have a left testicle. Inmate was asked if he had a personal dislike and problem with the MLP whose practice was in question. In mate said yes and that he wanted to find something to "stick" toget back at the MLP that performed the physical. He went on to say that he had been treated by this MLP in the past and that "I cannot stand him". . . . A testicle and scrotal exam was conducted, a right testicle was visualized. On palpation no tenderness or masses found. No left testicle seen or palpated. . . . Ultradsond [sic] done on 6/2/2013 and it states that he has no left testicle. Difficult to collaborate or substantiate inmates story due to poor history and obvious personal distain for staff.

*Id*. at p. 11.

After filing his SP95 Claim for Damage, Injury, or Death form on January 23, 2015, plaintiff was instructed that "claims processed pursuant to the [FTCA] normally receive a response within six months." *Id.* Doc. 1, att. 1, p. 6.  On February 2, 2015, he was "called up to the Psychology Department for the investigation." Doc. 1, p. 3. He was then sent to the hospital for a visual anal examination by the registered nurse. *Id.* The BOP Health Services Report notes "no significant findings/no apparent distress." Doc. 1, att. 1, pp. 14–15.

## II.
### LAW AND ANALYSIS

With enactment of the FTCA Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees. 28 U.S.C. §§ 1346(b)(1), 2671–2680; *Ali v. Fed. Bureau of Prisons*, 121 S.Ct. 831, 835 (2008). The FTCA thus gives federal district courts jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Sheridan v. United States*, 108 S.Ct. 2449, 2454 (1988) (quoting 28 U.S.C. § 1346(b)).

### A. *Claims against Individual Defendants*

Wallace names both individuals and the United States as defendants in his suit. The only proper defendant in an FTCA action is the United States, and not any agency or employee thereof. *Galvin v. Occupational Safety & Health Admin*., 860 F.2d 181, 183 (5th Cir. 1988). Thus Wallace has failed to state a viable FTCA claim against the individual defendants and those claims should be dismissed.

### B. *Claims against United States*

The FTCA is the exclusive remedy for claims sounding in common law tort against the United States. 28 U.S.C. § 2679. However, the FTCA contains exceptions to the waiver of sovereign immunity and must be strictly construed in favor of the United States. *Jeanmarie v. United States*, 242 F.3d 600, 604–05 (5th Cir. 2001). The exception applicable in this case states that the waiver will not imply to intentional torts, including battery and misrepresentation. 28 U.S.C. § 2680(h).

By Wallace's own admission, his claims allege battery and misrepresentation. Doc. 1, p. 4. Clearly, the FTCA's waiver of sovereign immunity does not apply in this matter and Wallace's claims against the United States should be dismissed.

### III.
#### CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Wallace's complaint **be DENIED AND DISMISSED WITH PREJUDICE**. Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 29th day of February, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE